GEORGE B. MUNSON v. WILLIAM L. ARNOLD ET AL.

*Creditor's bill—Preferred creditors.*

A creditor's bill was maintained where the debtor, while being urged to pay, had conveyed his land to his father who deeded to the debtor's children, reserving a life interest; and the pretence that the debtor had merely treated his father as a preferred creditor was not believed, as there was no credible showing of any negotiations, terms of settlement or credits settled, and as the debtor was left in possession and control and there was an understanding that the property should be conveyed to the children.

Appeal from Shiawassee. (Newton, J.)  Oct. 10.—Oct. 15.

CREDITOR'S BILL.  Complainant appeals.  Reversed.

*Gilbert R. Lyon* for complainant.

*Hugh McCurdy* and *William A. Fraser* for defendants, as to the right to prefer creditors : *Hill v. Bowman* 35 Mich. 191 ; *Allen v. Antisdale* 38 Mich. 229 ; *Jordan v. White* 38 Mich. 253 ; *Hedstrom v. Kingsbury* 40 Mich. 636 ; *Fisher v. Hall* 44 Mich. 493 ; *Rhead v. Hounson* 46 Mich. 243 ; *Pulte v. Geller* 47 Mich. 561 ; *State Bank of Fenton v. Whittle* 48 Mich. 1.

CAMPBELL, J.  Complainant, who had signed two notes for defendant William L. Arnold and had been compelled to pay them, procured a judgment for $300, September 23, 1881, and levied on lands on an execution thereunder.  Upon the 9th of July, 1881, when complainant was urging payment, William L. Arnold conveyed the land, which was his farm, to his father Seaman Arnold, for an alleged consideration of $3000.  Seaman Arnold subsequently conveyed the property to the other defendants, who are William Arnold's children, reserving a life interest.  This bill is filed to avoid the conveyance to Seaman Arnold, and the voluntary conveyance to the children, as fraudulent against complainant.

The defendants claim that William Arnold was indebted to his father, and had been for a long time, and that the deed was made to apply on this indebtedness. Complainant claims that as a matter of fact it was made for the express purpose of defeating his claim now in judgment.

We think the testimony shows quite clearly that the immediate purpose of the deed was to cut off from complainant the means of collecting his debt, on the alleged ground that he had failed to pay Seaman Arnold on a mortgage a similar amount which the latter had demanded as compound interest. That this purpose existed there seems no room for controversy.

It is possible that if the conveyance had been the result of an honest attempt to prefer Seaman Arnold as a creditor over another creditor, its effect on the latter would not be so material. But the testimony, in our view, shows no such agreement or sale. There were no negotiations credibly shown, and no terms of settlement agreed upon, and no credits settled. The grantor was left in possession and control, just as he had been before, and it is shown that there was an understanding, afterwards carried out, that the property should be conveyed to William's children. All of the circumstances indicate a purpose to cover up the property for the benefit of William and his family.

Without going into the details of the testimony, such is the conclusion we draw from the record. In our opinion, complainant has been defrauded, and the decree should be reversed, and one granted in pursuance of the prayer of the bill, with costs against the adult defendants.

The other Justices concurred.